1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZACHARIAH DANIELS,

Plaintiff,

v.

A. GARCIA, et al.,

Defendants.

Case No.  24-cv-03476-EKL

**ORDER OF SERVICE**

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Id.* at 633.

**Plaintiff's Allegations**

On January 12, 2021, defendant Correctional Officer Garcia told plaintiff that he was going to have someone get him, because plaintiff was telling Garcia how to run the building. ECF No. 11 at 7. On February 4, 2021, plaintiff filed a grievance against Garcia due to another incident. *Id*. at 8. Plaintiff filed other grievances against staff for misconduct. *Id*. At some point, defendant Sergeant Vega issued a false disciplinary report against plaintiff. *Id*. at 8

On July 13, 2021, another inmate attacked plaintiff, punching and kicking him in the face numerous times. *Id*. at 6. Plaintiff suffered damage to his eye and a broken nose and wrist. *Id*. at 7. Garcia, Vega, and eight other correctional officers stood and watched the other inmate assault plaintiff and failed to intervene and stop the attack. *Id*. at 6, 8.

1

**Analysis**

2      The Eighth Amendment requires that prison officials take reasonable measures to

3  guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In particular,

4  prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Id*.

5  at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036,

6  1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other

7  inmates or from dangerous conditions at the prison violates the Eighth Amendment when two

8  requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the

9  prison official is, subjectively, deliberately indifferent to inmate health or safety.  *Farmer*, 511

10  U.S. at 834.  A prison official is deliberately indifferent if he knows of and disregards an excessive

11  risk to inmate health or safety by failing to take reasonable steps to abate it.  *Id*. at 837.

12      Allegations in a pro se complaint sufficient to raise an inference that the named prison

13  officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by

14  failing to take reasonable measures to abate it state a failure-to-protect claim.  *See Hearns*, 413

15  F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

16      "Within the prison context, a viable claim of First Amendment retaliation entails five basic

17  elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

18  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

19  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

20  correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

21  *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under

22  § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional

23  rights and that the retaliatory action did not advance legitimate penological goals, such as

24  preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994)

25  (per curiam) (same).  The prisoner must show that the type of activity he was engaged in was

26  constitutionally protected, that the protected conduct was a substantial or motivating factor for the

27  alleged retaliatory action, and that the retaliatory action advanced no legitimate penological

28  interest.  *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from

United States District Court
Northern District of California

1    circumstantial evidence).

2        Liberally construed, plaintiff states a claim of retaliation against Garcia and a claim of

3    failure to protect against Garcia, Pola, Smith, Carmona, Barragon, Sosa, Alvarez, Garcia-Cortes,

4    Martinez, and Vega.

5        Plaintiff fails to state a claim against the other defendants for retaliation.  He has not shown

6    that any of the other defendants failed to protect him due to his prior protected conduct.  While

7    Vega allegedly issued a false disciplinary report against him, plaintiff has not presented sufficient

8    allegations that this was as a result of any protected conduct.  Plaintiff may file an amendment

9    presenting additional allegations of retaliation against the other defendants.

**CONCLUSION**

10   1.    The Court orders that the following defendants be served electronically at Salinas

11   Valley State Prison: Correctional Officers A. Garcia, A. Pola, Smith, G. Carmona, Barragon, Sosa,

12   Alvarez, P. Garcia-Cortes, I. Martinez, and Sergeant G. Vega.

13

14       Service on the listed defendant will be effected via the California Department of

15   Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners

16   in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via

17   email the following documents: the operative amended complaint (ECF No. 11), this order of

18   service, a CDCR Report of E-Service Waiver form and a summons.  The Clerk is also requested to

19   serve a copy of this order on the plaintiff.

20       No later than 40 days after service of this order via email on CDCR, CDCR will provide

21   the Court a completed CDCR Report of E-Service Waiver advising the court which defendant

22   listed in this order will be waiving service of process without the need for service by the United

23   States Marshal Service (USMS) and which defendant declines to waive service or could not be

24   reached.  CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the

25   California Attorney General's Office which, within 21 days, will file with the Court a waiver of

26   service of process for the defendant if he is waiving service.

27       Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare

28   for each defendant who has not waived service according to the CDCR Report of E-Service

United States District Court
Northern District of California

4

United States District Court
Northern District of California

Waiver a USM-285 Form.  The Clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2.      To expedite the resolution of this case, the Court orders:

a.      No later than **sixty days** from the date of service, all defendants will file a motion for summary judgment or other dispositive motion.  The motion will be supported by adequate factual documentation and will conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they will so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court will be promptly served on the plaintiff.

b.      At the time the dispositive motion is served, defendants will also serve, on a separate paper, the appropriate notice(s) required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c.      Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon defendants no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).

United States District Court
Northern District of California

      d.      If defendants wish to file a reply brief, they will do so no later than fifteen days after the opposition is served upon him.

      e.      The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3.      All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendants' counsel.

4.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  December 27, 2024

_____
Eumi K. Lee
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

United States District Court
Northern District of California

7